UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Boston Scientific SciMed, Inc., and
Boston Scientific Corporation,

     Plaintiffs,

v.

                                                Civ. No. 05-651 (JNE/JSM)
                                                ORDER

ev3, Inc.,

     Defendant.

This case is before the Court on a Report and Recommendation issued by the Honorable Janie S. Mayeron, United States Magistrate Judge, on June 26, 2007. The magistrate judge recommended that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, seeking dismissal of Plaintiffs' trade secret claim, be granted. The Court has received Plaintiffs' objections to the Report and Recommendation and Defendant's response to those objections.

Plaintiffs assert that their federal claims for infringement of embolic protection patents and their state-law trade secret claim related to embolic protection devices arise out a common nucleus of operative fact, and they contend that the Court therefore has supplemental jurisdiction over the trade secret claim related to embolic protection devices. Plaintiffs do not challenge dismissal of other aspects of their trade secret claim.

As the parties asserting supplemental jurisdiction, Plaintiffs bear the burden of establishing that supplemental jurisdiction exists. *See 4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003). Supplemental jurisdiction over a state-law claim exists when a party asserts a state-law claim along with a federal claim with which the state-law claim shares a common nucleus of operative fact. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

1

In this case, nineteen of twenty strategic planning documents forming the basis of Plaintiffs' broad trade secret claim are unrelated to embolic protection devices. As the magistrate judge correctly notes, the discovery of additional information related to Plaintiffs' trade secret claim has transformed that claim so that "there is no longer a discernable overlap between the operative facts underlying the federal claim of patent infringement of [Plaintiffs'] embolic protection patents, and the facts underlying its trade secrets claim."

Moreover, the different theories of Plaintiffs' trade secret claim are too closely interrelated to split into separate and distinct claims. Permitting Plaintiffs to proceed with a trade secret claim related to the embolic protection devices document invites Plaintiffs to assert their trade secret theory regarding the form and format of the strategic planning documents. This theory, in turn, would implicate the nineteen remaining documents, triggering the very circumstances that prompted the magistrate judge's observation about the lack of overlap in operative facts. Should Plaintiffs litigate the trade secret claim related to embolic protection devices without advancing their form/format theory, judgment in this case could possibly prevent litigation of the form/format theory in a subsequent action in state court related to the other strategic planning documents. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.").

Plaintiffs have not met their burden of demonstrating that supplemental jurisdiction exists. The Court concludes that the recommendation of Judge Mayeron is sound. Based on a de novo review of the record, the Court adopts the Report and Recommendation. *See* D. Minn. LR 72.2(b). Therefore, IT IS ORDERED THAT:

    1.    Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 125] is GRANTED.

3

2. Count 2 of Plaintiffs' Amended Complaint [Docket No. 74] is DISMISSED WITHOUT PREJUDICE.

Dated: August 29, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
